IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| AMBER CHAPMAN ) | |
| ) | |
|    Plaintiff, ) | |
| ) | NO: |
| v. ) | |
| ) | JURY DEMAND |
| OLYMBEC USA, LLC. ) | |
| ) | |
|    Defendant. ) | |

**COMPLAINT FOR DAMAGES**

**I.   Intro**

For her Complaint against Olymbec USA, LLC., ("Defendant" or "Olymbec") the following facts are alleged by Plaintiff Amber Chapman ("Plaintiff" or "Ms. Chapman"):

**II.   Parties**

1. Plaintiff Amber Chapman is a citizen and resident of Shelby County, TN.

2. Defendant Olymbec USA, LLC., is a Canadian corporation. Defendant may be served through its registered agent at 300 Montvue Road, Knoxville, TN 37919.

**III.   Jurisdiction**

3. This Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

4. This is an action for damages for unlawful termination of Ms. Chapman in violation of the Tennessee Disability Act ("TDA"), T.C.A. 8-50-104, *et. seq.*

5. Plaintiff has related claims that have not yet been administratively exhausted under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Plaintiff reserves the right to amend to include causes of action under Title VII and the ADA upon administrative exhaustion.

### IV.   Facts

6. Defendant Olymbec owns and manages a portfolio of industrial, office, retail, and residential properties throughout Canada and the United States, including in Memphis, Tennessee.

7. Defendant hired Plaintiff as a Property Manager on or about August 1, 2015.

8. Plaintiff is afflicted with bipolar disorder and depression. Medical treatment helps Plaintiff mitigate the adverse effects of her conditions. Plaintiff's condition did not prevent her from performing all essential functions of her job during her employment.

9. Plaintiff was qualified for her position with Defendant.

10. At the time Plaintiff was hired by Olymbec, Defendant did not know about or perceive Plaintiff as being afflicted with any disabling or impairing physical or mental condition.

11. In early 2018, Plaintiff informed Defendant's agents that she was afflicted with bipolar disorder and depression. Plaintiff requested an accommodation related to her conditions after disclosing to defendant her condition or impairment.

12. Olymbec denied Plaintiff's request for accommodation.  Olymbec did not engage in any interactive process related to the accommodation request or make any effort to determine whether such an accommodation could be made without undue hardship to Defendant.

13. Olymbec responded to Ms. Chapman's disclosure of her condition and accommodation request with increased hostility, concocted criticism, unjust reprimands, and other adverse treatment on a regular (almost daily) basis.

14. Plaintiff requested to leave work early on February 1, 2018.

15. Defendant approved Plaintiff's request to leave work early on February 1, 2018.

16. Defendant was unaware that the reason Plaintiff requested to leave work early was to pursue the filing of a Charge of Discrimination against Defendant with the EEOC.

17. Plaintiff left work early on the afternoon of February 1, 2018.

18. Plaintiff subsequently went to the Memphis Area Office of the EEOC at 1407 Union Street.

19. Coincidentally, the property of 1407 Union Street is owned or managed by Defendant. Olymbec employees colloquially refer to the building as "1407 Union."

20. Plaintiff ran into another Olymbec employee, Shirley Mason, while at 1407 Union to pursue filing her Charge of Discrimination.

21. Plaintiff spoke with Ms. Mason at 1407 Union.

22. Plaintiff told Ms. Mason that Olymbec had targeted her with discriminatory employment practices and shared that she was at 1407 to file a Charge of Discrimination against Defendant.

23. Ms. Chapman was fired by Olymbec the next day.

24. Olymbec agent Jordana Berger ("Ms. Berger") told Plaintiff that she was being fired for breaching her trust by going to the EEOC Office at 1407 Union to file a Charge of Discrimination.

25. Plaintiff protested the basis of her termination. Plaintiff told Ms. Berger, "You are correct … I went to the EEOC to file a complaint of discrimination. Under the law, I am protected [and have a right] to file a complaint with the EEOC …"

26. Berger responded to Plaintiff's statement in the prior paragraph by stating, "I don't care. You are still terminated."

27. Defendant's actions were both discriminatory, retaliatory, and otherwise unlawful.

28. Defendant acted willfully, maliciously, and with reckless indifference to Plaintiff's protected rights.

29. Ms. Chapman has suffered emotional, financial, and mental harm as a result of Defendant's action.

### V.   Causes of Action

*Tennessee Disability Act*
*Discrimination and Retaliation*

30. Plaintiff restates and incorporates herein the foregoing paragraphs.

31. Based on the conduct described in this Complaint, Defendant is liable for discrimination and retaliation under Tennessee law.

32. Plaintiff was targeted with discriminatory treatment and adverse employment actions, including termination, because of her actual or perceived disability.

33. Plaintiff voiced opposition to her treatment and engaged in otherwise protected conduct, which is the basis for subsequent adverse employment actions against her based on the conduct described in the above paragraphs.

34. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff's rights entitled to protection under state law.

35. Defendant's conduct caused harms and losses to Plaintiff.

*Americans with Disabilities Act*
*Discrimination and Retaliation*
*(Reservation of Rights Upon Administrative Exhaustion)*

36. Plaintiff restates and incorporates herein the foregoing paragraphs.

37. Based on the conduct described in this Complaint, Defendant is liable for discrimination and retaliation under the ADA, as amended by the ADAA.

38. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff's rights entitled to protection under federal law.

39. Defendant's conduct caused harms and losses to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that:

1. Process issue against the Defendant, requiring it to answer within the time period specified by applicable law;

2. That after the discovery process, this case be heard on its merits;

3. With respect to Plaintiff's claims, Plaintiff prays that the Court enter a judgment:

    a. Declaring that the acts and practices complained of herein are in violation of the aforementioned laws;

    b. Enjoining and permanently restraining these violations of the aforementioned laws;

    c. Directing Defendant to take affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff, or those similarly situated to Plaintiff, in employment opportunities;

d. Awarding Plaintiff back pay and other economic damages in amounts to be determined by the jury;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the applicable statutes;

f. That the Court award any declaratory and/or injunctive relief that may be available;

g. Directing the Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial, but in excess of $200,000.00; and

h. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

/s/ Brian C. Winfrey
Brian C. Winfrey, Esq. (BPR 025766)
Morgan & Morgan, P.A.
810 Broadway, Suite 105
Nashville, TN 37203
bwinfrey@forthepeople.com
615-601-1276