```
         IN THE UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF TENNESSEE
                 WESTERN DIVISION
```

| | |
|---|---|
| AMBER CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-02842-SHM-tmp |
| | ) |
| OLYMBEC USA, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court are the parties' motions in limine. Plaintiff Amber Chapman filed a motion in limine on September 28, 2021. (ECF No. 52.) Defendant Olymbec USA, LLC ("Olymbec"), responded on May 17, 2022. (ECF No. 67.) Olymbec filed a motion in limine on May 16, 2022. (ECF No. 66.) Chapman responded on May 19, 2022. (ECF No. 70.) Olymbec filed a reply on May 23, 2022. (ECF No. 72.)[1] For the following reasons, the parties' motions are **GRANTED IN PART** and **DENIED IN PART.**

---

[1] Except as provided by Local Rule 12.1(c) and Local Rule 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply. See Local Rule 7.2. Local Rule 12.1(c) and Local Rule 56.1(c) do not apply to the present motions. Olymbec did not request leave to file its reply. The Court does not consider the arguments raised in Olymbec's reply.

**I.   Background**

This is an employment discrimination suit brought under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Tennessee Disability Act ("TDA"), Tenn. Code Ann. §§ 8-50-103 to 104. (ECF No. 8 at ¶¶ 30-39.) In early 2018, Chapman told Olymbec supervisors that she had been diagnosed with bipolar disorder and depression. (ECF No. 8 at ¶ 11.) Chapman alleges that she suffered discriminatory treatment and adverse employment actions, including termination, because of her actual or perceived disability. (ECF No. 8 at ¶¶ 32, 37.) On February 1, 2018, Chapman went to the Equal Employment Opportunity Commission ("EEOC") to report Olymbec's discrimination. (ECF No. 8 at ¶¶ 17, 18, 25.) Chapman alleges that Olymbec retaliated against her because of her protected activity. (ECF No. 8 at ¶ 33, 37.)

**II.   Standard of Review**

Using the inherent authority to manage the course of trials before it, a court may exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013). Unless that evidence is patently "inadmissible for any purpose," Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997), the "better practice" is to defer evidentiary rulings until trial, Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712

(6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," Gresh v. Waste Servs. of Am., Inc., 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling in limine is "no more than a preliminary, or advisory, opinion." United States v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994) (citing United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 469 U.S. 38 (1984)). The Court may revisit in limine rulings at any time and "for whatever reason it deems appropriate." Id. (citing Luce, 713 F.2d at 1239).

### III. Analysis

#### A. Chapman's Motion in Limine

In her motion in limine, Chapman asks the Court to exclude the following documents: (1) a Tennessee Department of Labor and Workforce Development Letter to Chapman ("TDOL Letter"), dated March 15, 2018; 2) an EEOC "No Charge Taken Form" ("No Charge Form"), dated February 14, 2018; and 3) a Letter from Jordana Berger to the Tennessee Department of Labor and Workforce Development ("Berger Letter"), dated February 7, 2018. (ECF No. 52.) The TDOL Letter states a finding by the TDOL that Chapman was fired for work-related misconduct and is ineligible for unemployment benefits. (ECF No. 52-1.) In the No Charge Form, Chapman signed a statement that she had not filed a charge with the EEOC related to discrimination alleged to have occurred on January 29, 2018. (ECF No. 52-3.) The Berger Letter sets out

3

Olymbec's reasons for terminating Chapman and asks the TDOL to find that Chapman is ineligible for unemployment benefits. (ECF No. 53-2.)

Chapman argues that the Court should exclude these documents under Federal Rule of Evidence 403 because the documents' probative value is substantially outweighed by the danger of unfair prejudice, confusion, and waste of time. In its response, Olymbec states that it will not use the TDOL Letter or No Charge Form in its case in chief, but may use the documents for impeachment purposes. Olymbec argues that the Berger letter is highly relevant to its case in chief and should not be excluded under Rule 403.

Rule 403 provides that "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Rule is "strongly weighted toward admission." See United States v. Asher, 910 F.3d 854, 860 (6th Cir. 2018). "[U]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." United States v. Schrock, 855 F.2d 327, 335 (6th Cir.1988) (internal quotations omitted). A court may properly exclude relevant evidence that "unduly distract[s] the jury from the main

4

issues" or that "consume[s] an inordinate amount of time." McCormick On Evid. § 185 (8th ed.).

Courts frequently exclude determinations made by state unemployment agencies that are later offered as evidence in a discrimination suit. See, e.g., Pascual v. Anchor Advances Prod., Inc., 117 F.3d 1421 (6th Cir. 1997) (Table); Garren v. CVS RX Servs., Inc., No. 3:17-CV-149, 2021 WL 781677, at *11 (E.D. Tenn. Mar. 1, 2021); Becknell v. Univ. of Kentucky, No. 5:17-CV-490-JMH-MAS, 2019 WL 1783488, at *2 (E.D. Ky. Apr. 23, 2019); Hill v. Shoe Show, Inc., No. 13-2931-STA-CGC, 2015 WL 4527722, at *5 (W.D. Tenn. July 27, 2015). The rule is based on the distinct purposes of unemployment-benefit proceedings and discrimination suits and on the risk that a jury may adopt the findings of the unemployment agency without further consideration. See Garren, 2021 WL 781677, at *12 (unemployment proceedings designed to be "quick and inexpensive" and focused on conduct of employee); Becknell, 2019 WL 1783488, at *2 (identifying risk that jury may defer to state agency decision). There is greater division over whether evidence presented in an unemployment-benefit proceeding can be offered in a later discrimination suit. Compare Garren, 2021 WL 781677, at *12 (excluding documents from unemployment hearing later offered by plaintiff to prove discrimination), with Becknell, 2019 WL 1783488, at *2 (finding that sworn statements and testimony provided to state agency may be admissible at trial) and Meads v.

5

Lexington-Fayette Urb. Cnty. Gov't, No. CV 5:13-228-DCR, 2016 WL 4577406, at *3 (E.D. Ky. Aug. 31, 2016) (finding that plaintiff may use third-party testimony from unemployment hearing for impeachment purposes at trial).

### 1. TDOL Letter

Olymbec does not object to the exclusion of the TDOL Letter from evidence at trial barring some future event that would make it admissible for impeachment purposes. Accordingly, the Court **GRANTS** Chapman's motion in limine and initially excludes the TDOL Letter from evidence. The Court reserves judgment on whether the TDOL Letter may be admitted for impeachment purposes. However, the Court notes the risk that the jury may defer to TDOL findings even if the TDOL Letter is offered only for impeachment purposes. See Becknell, 2019 WL 1783488, at *2.

### 2. No Charge Form

Olymbec does not object to the exclusion of the No Charge Form from evidence at trial barring some future event that would make it admissible for impeachment purposes. Accordingly, the Court **GRANTS** Chapman's motion in limine and initially excludes the No Charge Form from evidence. The Court reserves judgment on whether the No Charge Form may be admitted for impeachment purposes.

### 3. Berger Letter

Chapman argues that the Court should exclude the Berger Letter under the rule that provides for the exclusion of state unemployment agency determinations. She also argues that the Berger letter is cumulative of other admissible evidence and will result in confusion and wasted time. Courts have expressed concern that the admission of such evidence would frustrate the "quick and inexpensive" nature of unemployment proceedings and the focus of the proceeding on employee conduct. See Garren, 2021 WL 781677, at *12. Those concerns are not implicated here. Olymbec seeks to introduce its own statements related to Chapman's conduct and termination. Following Becknell and Meads, the Court declines to exclude the Berger Letter. Although the statements in the Berger Letter may duplicate other evidence, introduction of the Berger Letter will not unduly distract the jury from the main issues or consume an inordinate amount of time. Chapman's motion in limine addressing the Berger Letter is **DENIED**.

### B. Olymbec's Motion in Limine

In its motion in limine, Olymbec asks the Court to exclude: 1) testimony from Chapman about her medical diagnoses; 2) testimony from Chapman about her prescribed medications; 3) testimony from Chapman about her alleged medical conditions of depression and bipolar disorder; and 4) testimony from Chapman that uses the term "disability" or its variants. (ECF No. 66.) Olymbec argues that

7

Chapman's testimony about her medical diagnoses and medications would be inadmissible hearsay. Olymbec argues that Chapman's testimony about her medical conditions or testimony that uses the term "disability" or its variants would be improper opinion testimony. In her response, Chapman argues that her medical diagnoses are not hearsay because they are offered to show that Olymbec regarded Chapman as disabled. Chapman argues that she is entitled to testify on her medical conditions because their effects and symptoms are within her personal knowledge.

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. "A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 379 (6th Cir. 2009). "Such a statement may be admitted to show why the listener acted as she did." United States v. Churn, 800 F.3d 768, 776 (6th Cir. 2015). Statements made by a patient "regarding medical opinions and diagnoses made by doctors who have examined a patient are not admissible." Holt v. Olmsted Twp. Bd. of Trs., 43 F. Supp. 2d 812, 819 (N.D. Ohio 1998) (citing Portis v. Grand Trunk W. R.R., No. 93-1721, 1994 WL 362110, at *5 (6th Cir. July 12, 1994)). "[D]iagnoses . . . may only be established through admission of the relevant doctor's records

8

pursuant to Federal Rule of Evidence 803(6) or the sworn testimony of these doctors." Saley v. Caney Fork, LLC, 886 F. Supp. 2d 837, 847 (M.D. Tenn. 2012) (internal quotations omitted).

Although a plaintiff may not testify about medical diagnoses, "[p]laintiff's testimony concerning his physical condition and treatments is admissible pursuant to Federal Rule of Evidence 701, which allows lay opinion testimony regarding one's physical state based on personal knowledge." Id. Under Rule 701:

> [A] witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Rule 701 also prevents a plaintiff from offering opinions on the law. Legal opinions, when offered by a non-lawyer lay witness, are both "incompetent and unpersuasive." U.S. v. Canipe, 569 F.3d 597, 603 (6th Cir.2009); see also Torres v. Cnty. of Oakland, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with [lay witness] testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury.")

### 1. Medical Diagnoses

Chapman's testimony that she was diagnosed with bipolar disorder and depression would constitute hearsay if offered to

9

establish that Chapman was in fact diagnosed with those disorders. The Court will exclude Chapman's testimony about her medical diagnoses to the extent that it is offered for that purpose. However, Chapman may establish her disability claims by showing that Olymbec regarded her as disabled. See Cardenas-Meade v. Pfizer, Inc., 510 F. App'x 367, 371 (6th Cir. 2013) ("[Plaintiff] could establish an ADA disability (or a TDA disability) by showing that [defendant] regarded her as disabled.") Testimony that Chapman told her supervisors about her diagnoses may be properly offered to show the effect on the listener and prove that Olymbec took adverse actions again Chapman because it regarded her as disabled. See Churn, 800 F.3d at 776. Olymbec's motion in limine regarding Chapman's testimony on her medical diagnoses is **GRANTED IN PART** and **DENIED IN PART.**

### 2. Prescribed Medications

Testimony that Chapman was prescribed certain medications relates to out-of-court acts as opposed to out-of-court statements and does not constitute hearsay. See Fed. R. Evid. 801; Saley, 886 F. Supp. 2d at 847 (finding that plaintiff may testify as to treatments). However, testimony about why Chapman was prescribed the medications implicates the medical opinions and diagnoses of Chapman's doctors and is inadmissible hearsay. See Holt, 43 F. Supp. 2d at 819. The Court will exclude testimony that seeks to explain why Chapman was prescribed medication. Olymbec's motion in

10

limine regarding Chapman's testimony about her prescribed medications is **GRANTED IN PART** and **DENIED IN PART**.

### 3. Depression and Bipolar Disorder

Chapman may properly testify about her physical condition and emotions. See Saley, 886 F. Supp. 2d at 847. However, testimony that Chapman suffers from depression and bipolar disorder implicates the medical opinions and diagnoses of Chapman's doctors and constitutes impermissible opinion testimony not based on scientific, technical, or other specialized knowledge. See Lane v. D.C., 887 F.3d 480, 485 (D.C. Cir. 2018) (upholding district court's exclusion of testimony by decedent's mother that decedent suffered from bipolar disorder); Shinnick v. Ram Kabir, LLC, No. 5:15-CV-00160-TBR, 2016 WL 6909827, at *3 (W.D. Ky. Nov. 23, 2016) (excluding lay opinion testimony that plaintiff "suffers from depression"). The Court will allow Chapman to testify about her symptoms and that she was "depressed" if the word is used in a lay sense, as a synonym for "low in spirits" or "sad." See Farfaras v. Citizens Bank & Tr. of Chicago, 433 F.3d 558, 565 (7th Cir. 2006) ("While 'depressed' does have a medical definition, a reasonable jury can be expected to understand the difference between lay use of an adjective and an expert's use of the same word to describe a specific psychological condition.") Olymbec's motion in limine addressing Chapman's testimony about her bipolar disorder and depression is **GRANTED IN PART** and **DENIED IN PART**.

### 4. "Disability" or its Variants

In the employment discrimination context, the word "disability" is legally defined by statute. See 42 U.S.C. § 12102. Testimony by Chapman that she suffers from a "disability" would constitute an impermissible legal opinion and presents a risk that the jury will apply an incorrect legal standard. See Torres, 758 F.2d at 150. The Court will exclude testimony by Chapman that uses words or phrases with legal definitions provided by employment discrimination statutes. It is not clear what Olymbec means when it seeks to exclude "variants" of the word disability. Conceivably, some "variants" do not have a legal definition. The Court reserves judgment on the "variants" that may constitute impermissible legal opinion. Olymbec's motion in limine addressing Chapman's use of the word "disability" or its variants is **GRANTED IN PART** and **DENIED IN PART**.

### IV. Conclusion

For the foregoing reasons, the motions in limine are **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED this 23rd day of May, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE